107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas A. HIRANO, Plaintiff-Appellant,
v.
Janice NIELSON, Librarian, Halawa Medium Security Facility;
Bruce Spencer, Case Manager, HMSF; Kelly Knowles, Case
Manager, HMSF; Roger Shook, Adult Corrections Officer,
HMSF; John Does, 1-10, individually and in their official
capacities; Jane Does, 1-10, individually and in their
official capacities, Defendants-Appellees.
 No. 95-16715.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 7, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Douglas A. Hirano, a Hawaii state prisoner, appeals pro se the district court's summary judgment for defendant prison officials in Hirano's 42 U.S.C. § 1983 action. Hirano alleged that defendants wrongfully disciplined him for assisting a fellow inmate in filing a civil rights complaint, and that this action was taken in retaliation for Hirano's filing an administrative grievance against a prison official. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo, Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 A. Providing Legal Assistance
 
 3
 Hirano contends that the district court erred by granting summary judgment for defendants because Hirano has a constitutional right to assist other inmates in their legal affairs. This contention lacks merit.
 
 
 4
 An inmate retains some First Amendment rights to assist other inmates with litigation. See Pell v. Procunier, 417 U.S. 817, 822 (1974); Johnson v. Avery, 393 U.S. 483, 490 (1969); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). However, the state may impose restrictions on these activities, so long as they are "reasonably related to legitimate penological interests." Turner v. Safely, 482 U.S. 78, 89 (1987).
 
 
 5
 Here, Hirano was found guilty of violating a prison regulation which required that inmates must have authorization to provide other inmates with legal assistance, or to possess legal documents belonging to other inmates. Hirano acknowledges that he did not have written authorization to possess the legal documents of the other inmate, or to possess the inmate's legal documents. Moreover, Hirano failed to show that this prison regulation which he was disciplined for violating, is not "reasonably related to legitimate penological interests." See id. Thus, the district court did not err by granting summary judgment for defendants on this claim.
 
 B. Retaliation
 
 6
 Hirano contends that the district court erred by granting summary judgment for defendants because he raised a genuine issue of fact as to whether prison officials disciplined him in retaliation for filing an administrative complaint. This contention lacks merit.
 
 
 7
 Prisoners advancing retaliation claims under section 1983 must demonstrate that (1) prison officials retaliated against them for exercising their constitutional rights; and (2) the retaliatory action did not advance legitimate penological goals, such as the preservation of institutional order, discipline, security, and rehabilitation of prisoners. See Barnett, 31 F.3d at 815-16; Rizzo, 778 F.2d at 532. Federal courts "should 'afford appropriate deference and flexibility' to prison officials [when evaluating the] proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.1995) (quoting Sandin v. Conner, 115 S.Ct. 2293, 2299 (1995)).
 
 
 8
 Hirano correctly asserts that he has a right to file inmate grievances and that he may not be penalized for exercising this right. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.1995). Nonetheless, Hirano has failed to prove the "absence of legitimate correctional goals for the conduct of which he complains." See Pratt, 65 F.3d at 806.
 
 
 9
 Here, defendants submitted several declarations stating that Hirano was disciplined for violating various prison regulations, including: 1) unauthorized possession of property belonging to another; 2) unauthorized contact with other inmates; 3) unauthorized reproduction of documents; 4) providing false statements to staff; and 5) harassment of employees. These declarations indicate that Hirano was disciplined for these infractions in order to further the legitimate penological goal of preserving institutional order and discipline. See Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir.1995). Because we must afford appropriate deference and flexibility in evaluating the proffered penological reasons, see Pratt 65 F.3d at 807, we affirm the district court's summary judgment on Hirano's retaliation claim.
 
 C. Qualified Immunity
 
 10
 In addition, we conclude that Hirano failed to raise a genuine issue of material fact regarding whether reasonable prison officials under similar circumstances would believe that their actions advanced legitimate penological goals. Thus, the district court properly found that defendants were entitled to qualified immunity. See Schroeder, 55 F.3d at 461-62; cf. Pierce v. Multnomah County, 76 F.3d 1032, 1037-39 (9th Cir.) (holding that defendant was not entitled to a directed verdict on his claim of qualified immunity because plaintiff produced sufficient evidence for a jury to find that defendant's conduct was unreasonable), cert. denied, 117 S.Ct. 506 (1996).
 
 
 11
 Accordingly, the district court properly granted summary judgment to defendants. See Barnett, 31 F.2d at 816.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal